LYNN M. DEAN, Cal. Bar No. 205562
Email:  deanl@sec.gov
SARA D. KALIN, Cal. Bar No. 212156
Email:  kalins@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Lorraine B. Echavarria, Associate Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone:  (323) 965-3998
Facsimile:  (323) 965-3908

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  vs.<br><br>LARRY R. POLHILL,<br><br>  Defendant. | Case No. ED CV 13-1729 PA (SPx)<br><br>**FINAL JUDGMENT AS TO DEFENDANT LARRY R. POLHILL** |

The Securities and Exchange Commission (the "SEC") having filed a Complaint and Defendant Larry R. Polhill having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

  (a)   to employ any device, scheme, or artifice to defraud;
  (b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
  (c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities

Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or

otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), and/or Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

### V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $21,109,035, and prejudgment interest of $5,497,390.

### VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $5,393,575.00 to the SEC pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1].

### VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the payment of the disgorgement, prejudgment interest, and civil penalty amounts set forth in paragraphs V and VI shall be deemed satisfied by the payment of a minimum of $32,000,000 to the Chapter 7 Trustee of the estate of American Pacific Financial Corporation ("APFC"), in the chapter 7 case, Case No. BK-S-10-27855-GS, pending before the United States Bankruptcy Court for the District of Nevada. In the event APFC's Chapter 7 Trustee does not receive a minimum of

$32 million paid pursuant to the terms of the Settlement Agreement and Release ("Settlement Agreement") dated June 6, 2014 between APFC's Chapter 7 Trustee, Defendant, and other entities and individuals affiliated with Defendant or APFC, Defendant shall satisfy his obligation to the SEC by paying an amount equal to $32,000,000 less any amounts already paid to APFC's Chapter 7 Trustee.  Such amount will become due within 14 days after the SEC receives notification from APFC's Chapter 7 Trustee that a scheduled payment under the Settlement Agreement has not been made.

In the event that Defendant is required to make payment to the SEC, Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprises Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Larry Polhill as a defendant in this action; and specifying the payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Defendant shall pay post judgment interest on any delinquent amounts

pursuant to 28 U.S.C. § 1961.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## ~~IX.~~

~~IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.~~

Dated: December 6, 2014

_____
HONORABLE PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On December 4, 2014 I caused to be served the document entitled **Final Judgment as to Defendant Larry R. Polhill** on all the parties to this action addressed as stated on the attached service list:

[ ]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

  [ ]   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

  [ ]   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]   **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[X]   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]   **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: December 4, 2014             /s/Sarah Mitchell
                                   Sarah Mitchell

PROOF OF SERVICE                                          CASE NO. ED CV 13-1720 PA (SPx)

**SEC v. LARRY R. POLHILL**
**United States District Court – Central District of California**
**Case No. ED CV 13-1729 PA (SPx)**

SERVICE LIST

Michael J. Quinn, Esq. *(served via ECF and Email)*
K&L Gates
10100 Santa Monica Blvd., 7th Floor
Los Angeles, California 90067
Telephone: (310) 552-5046
Facsimile:  (310) 552-5001
Email: michael.quinn@klgates.com
Attorney for Defendant Larry R. Polhill